UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BROOKS PAXTON,

        Plaintiff,

v.                              CASE No. 8:12-CV-583-T-TGW

CAROLYN W. COLVIN,[1]
Commissioner of Social Security,

        Defendant.

_____

## O R D E R

        The plaintiff in this case seeks judicial review of the denial of his claim for Social Security disability benefits.[2]  Because the decision of the Commissioner of Social Security is supported by substantial evidence and the plaintiff has not shown any reversible error, the decision will be affirmed.

_____

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security and should, therefore, be substituted for Commissioner Michael J. Astrue as defendant in this action.  See 42 U.S.C. 405(g); Fed.R.Civ.P. 25(d).

[2] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 10).

I.

The plaintiff, who was sixty-one years old at the time his insured status expired and who has a college degree and a master's recital, has worked as, what he called, musician/band leader (Tr. 42). He filed a claim for Social Security disability benefits, alleging that he became disabled due to hand injuries, loss of hearing, knee problems, vertigo, and nerve damage (Tr. 127). The claim was denied initially and upon reconsideration.

At his request, the plaintiff then received a de novo hearing before an administrative law judge. The law judge found that, through his date last insured of December 31, 2008, the plaintiff had severe impairments of degenerative disc disease, degenerative joint disease of the knees, and history of hand trauma (Tr. 27). The law judge concluded that, through the date last insured, the plaintiff "had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he could stoop, crawl, bend and perform gross handling only occasionally" (Tr. 27-28). The law judge determined that the plaintiff could have returned to past work of conductor and singer (Tr. 31). Accordingly, the law judge ruled that the

plaintiff was not disabled (Tr. 32). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). The Act provides further that a claimant is not disabled if he is capable of performing his previous work. 42 U.S.C. 423(d)(2)(A). In this case, also, the plaintiff must show that he became disabled before his insured status expired on December 31, 2008, in order to receive disability benefits. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952.

-3-

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff stated in his memorandum that "he was [a] band leader" and that "[h]e played the piano and trombone, sang, and danced" (Doc. 19, p. 5). In 2003, his contract with Royal Caribbean Cruise Lines ended, and it was not renewed by mutual agreement (Tr. 53).

The law judge concluded that the plaintiff suffers from severe impairments that limit him to light work with postural and manipulative restrictions. Based upon the testimony of a vocational expert, the law judge concluded that these impairments do not preclude the plaintiff from performing his past work of conductor and singer.

The plaintiff incorrectly stated in his memorandum that the law judge found that the plaintiff could perform his past work as a musician and conductor. However, the law judge implicitly concluded that the plaintiff had functional limitations that prevented him from professionally playing the piano and trombone, as well as dancing. Thus, the law judge did not find that the plaintiff could return to work as a musician.

The law judge, rather, found that the plaintiff could work as a conductor and a singer. The plaintiff argues that the law judge erred in making this determination.[3] This contention, which is the plaintiff's sole issue, lacks merit.

The plaintiff has the burden to show that he cannot return to prior work. Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001). An ability to return to work exists either if the plaintiff can do the job as he actually performed it, or if he can perform the job as it is done in the national economy. See Jackson v. Bowen, 801 F.2d 1291, 1293 (11th Cir. 1986). In

---

[3]As the Commissioner points out (Doc. 22, p. 8), the plaintiff does not challenge the law judge's residual functional capacity assessment or evaluation of the medical evidence. Accordingly, in light of the scheduling Order (Doc. 9, p. 2), any such contentions are deemed abandoned.

this case, the law judge concluded that the plaintiff could perform the past jobs of conductor and singer as "actually and generally performed" (Tr. 32).

The plaintiff asserts that he "was not a conductor, as that job is described in the Dictionary of Occupational Titles" (Doc. 19, p. 6). This contention is entirely unpersuasive. Thus, at the administrative hearing, the plaintiff testified that he was a "musician/band leader" from 1975 to 2003; he was a "band front man," meaning that he "led the band, it was [his] show" (Tr. 42). The plaintiff also explained that he "a jack of all trades" (Tr. 48). Further, in a Work History Report, the plaintiff stated that he wrote arrangements and supervised band members (Tr. 135). Based on this evidence, the vocational expert determined that the plaintiff had past relevant work as a conductor.

In violation of the scheduling Order, which required the plaintiff to support each discrete challenge "by citations to the record of the pertinent facts," the plaintiff has not provided any evidentiary basis for his assertion that he was not a conductor, as that job is described in the Dictionary of Occupational Titles (DOT) (Doc. 9, p. 2). Instead, the plaintiff states that "[t]he court may take judicial notice that musical groups often have one

member who is the leader of the musical group, but also is a musician, singer, dancer, etc." (Doc. 19, p. 6). The plaintiff has failed to cite any legal authority for that statement, again in violation of the scheduling Order (Doc. 9, p. 2), and I decline to take judicial notice of that statement since it does not appear to be an appropriate subject for judicial notice. <u>See</u> Rule 201(b), F.R.E.

In any event, any consideration of judicial notice would be clearly overcome by the testimony of the vocational expert that the plaintiff could perform past relevant work as a conductor. Thus, at the hearing, the law judge asked the vocational expert whether a person with the same age and education as the plaintiff would be able to perform the plaintiff's past work with the same restrictions as the law judge included in the plaintiff's residual functional capacity (Tr. 61). The expert testified in response that such an individual would be able to perform the plaintiff's past work of conductor and singer (Tr. 62). This testimony provides substantial evidence to support the law judge's finding that the plaintiff could perform his past relevant work as a conductor, as well as singer. Moreover, the expert's opinion regarding the job of conductor is supported by the DOT, which provides for that job the

alternate title of "Band Leader."  DICOT 152.047-014, 1991 WL 647166 (G.P.O.).

With respect to work as a singer, the plaintiff asserts that "[m]embers of a band often sing, but are not necessarily lead singers and do not necessarily have sufficient skills or talent to be a lead singer" (Doc. 19, p. 6). The plaintiff's lawyer does not claim that the plaintiff lacks sufficient talent to be a lead singer (and I wonder whether the plaintiff would agree with such a claim).

Furthermore, the plaintiff was represented at the hearing by an attorney who examined the plaintiff and cross-examined the vocational expert (Tr. 46-52, 65-68).  If plaintiff's counsel had any doubt whether the plaintiff had the talent to perform the position of singer, as generally performed in the national economy, the attorney could have elicited testimony on that issue. See Jones v. Apfel,190 F.3d 1224, 1228 (11th Cir. 1999), cert. denied, 529 U.S. 1089 (2000) (Once the expert identifies jobs that the plaintiff can perform, the burden switches to the plaintiff to prove that he was unable to perform those jobs.).  There was, however, no testimony suggesting that the plaintiff did not have the talent to be a lead singer.

Moreover, one does not have to be a lead singer to work as a singer. Thus, the description of a singer in the DOT is "[s]ings as soloist or member of vocal ensemble." DICOT 152.047-022, 1991 WL 647168 (G.P.O.). Under these circumstances, the law judge reasonably accepted the uncontroverted testimony of the vocational expert that the plaintiff could perform as a singer.

Finally, the plaintiff argues that "it is clear that the [plaintiff's] occupation was a composite job consisting of performing music, dancing, singing, and organizing the band" (Doc. 19, p. 6). In support of this contention, the plaintiff cites Social Security Ruling 82-61, 1982 WL 31387 (S.S.A.), which defines a composite job as one that has significant elements of two or more occupations and, as such, has no counterpart in the DOT (Doc. 19, p. 6). The plaintiff seems to suggest that, if a plaintiff performed a composite job, he can only be found able to return to past work if he can perform that job. That is not the import of the discussion in Social Security Ruling 82-61 about composite jobs. That Social Security Ruling states:

> **FURTHER INFORMATION:** A properly completed SSA-3369-F6, Vocational Report, may be sufficient to furnish information about past

work. There may be cases involving significant variations between a claimant's description and the description shown in the DOT. In some instances, an apparent variation may result from an incomplete or inaccurate description of past work. Employer contact or further contact with the claimant,[sic] may be necessary to resolve such a conflict. Also composite jobs have significant elements of two or more occupations and, as such, have no counterpart in the DOT. Such situations will be evaluated according to the particular facts of each individual case. For those instances where available documentation and vocational resource material are not sufficient to determine how a particular job is usually performed, it may be necessary to utilize the services of a vocational specialist or vocational expert.

Thus, the portion of the Social Security Ruling referred to by the plaintiff merely indicates that in some circumstances, including composite jobs, further information needs to be developed about past work by the use of a vocational expert. That is precisely what happened in this case.

Furthermore, the jobs of conductor and singer are not the types of composite jobs that have no counterpart in the DOT. As previously seen, both jobs are specifically listed in the DOT.

In short, while the plaintiff may no longer be able to perform the job the way he did on the cruise ship, he can engage in work that he has

performed in the past. Thus, the expert testified that the plaintiff had worked as a conductor and as a singer in the past, and that, with his residual functional capacity, he could still perform those jobs as of December 31, 2008. In other words, he could perform those jobs as they were performed in the national economy. Consequently, the law judge's finding that the plaintiff could perform past work is reasonable and supported by substantial evidence.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby **AFFIRMED**. The Clerk shall enter judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this 8th day of May, 2013.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

-12-